Frank J. MAZUREK

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 24, 1998.
Decided Aug. 20, 1998.

---

**24**

William A. Kuhar, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In-Charge, Pittsburgh, for appellant.

James H. Owen, Kittanning, for appellee.

Before COLINS, President Judge, SMITH, J., and MIRARCHI, Jr., Senior Judge.

COLINS, President Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from the March 6, 1997 order of the Court of Common Pleas of Armstrong County (Common Pleas) that sustained Frank J. Mazurek's (Mazurek) appeal of the suspension of his operating privilege.

Pursuant to the Driver's License Compact, 75 Pa.C.S. § 1581, the Department suspended Mazurek's operating privilege for one year after it received notice from the Ohio Department of Transportation that Mazurek had been convicted of DUI–Alcohol/Liquor on December 30, 1996 in Mentor, Ohio. Article III of the Driver's License Compact (Compact) provides the following:

> The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

Article IV provides that when a conviction is reported pursuant to Article III, the home state's licensing authority (the Department) shall, with respect to the operating privilege, treat the conviction as if it had happened in the home state.

Common Pleas sustained Mazurek's appeal because the report from Ohio did not conform to the requirements of Article III. Although the report identified Mazurek and the court in which he was convicted, it did not specify the section of the statute, code, or ordinance violated, and it did not identify what plea was entered or if the conviction resulted from the forfeiture of security. Common Pleas opined as follows:

> A 'description of the violation, specifying the section of the statute, code or ordi-

nance violated' is, of course, nothing more than a description of the licensee's conduct. The Department, both legally and logically, should not be suspending the license of a Pennsylvania driver without first learning of the nature of his out-of-state conduct.

. . . .

In Pennsylvania, the conduct which would make a person guilty of driving under the influence of alcohol is his driving while 'under the influence of alcohol to a degree which renders him incapable of safe driving' or his driving 'while the amount of alcohol by weight in [his] blood ... is 0.10% or greater.' 75 Pa.C.S. § 3731(a)(1) and (4). The record forwarded to the Department by the Ohio Bureau of Driver Licensing does not establish that Mazurek had engaged in either of the two types of conduct prohibited here in Pennsylvania.

. . . .

The Department should not be permitted to suspend the driver's license of a Pennsylvania resident without **first** having in its possession the requisite informational basis. A driver's license, although a privilege, is essential for everyday living; and it should not be suspended by the Commonwealth without its first having adequate information. In Mazurek's case, however, the Commonwealth did not have adequate information. It suspended his license without knowing the nature of his conduct in Ohio and without knowing whether such conduct would have constituted an offense here in Pennsylvania.

(Common Pleas opinion, pp. 4–6.)

The Department argues that it did not matter that at the time it suspended Mazurek's operating privilege, it did not have the information required by Article III, because the word shall in that article is directory and not mandatory. According to the Department, Common Pleas erred when it reasoned that the presence of the word shall in Article III meant that the report of the Ohio conviction had to contain the information specified in Article III. The Department asserts that the suspension of Mazurek's operating privilege was proper because at the hearing before Common Pleas, the Department presented records from the municipal court in Mentor, Ohio that justify the suspension. According to the Department, it did not matter that at the time it suspended Mazurek's operating privilege, it did not have the information required by Article III.[1]

■■■■ We agree with Common Pleas that the word shall in Article III is mandatory. The Supreme Court of Pennsylvania recently held that by definition the word shall is mandatory and that, pursuant to 1 Pa.C.S. § 1921(b), "there is no room to overlook [a] statute's plain language." *Oberneder v. Link Computer Corp.*, 548 Pa. 201, 696 A.2d 148 (1997). Thus, the report of conviction must contain (1) the identity of the person convicted; (2) a description of the violation, including the section of the statute, code, or ordinance violated; (3) the identity of the court in which the person was convicted; and (4) an indication of the plea or of whether the conviction resulted from a forfeiture of security. In this case, the report did not contain the second and fourth requirements. The Department's suspension of Mazurek's operating privilege was, therefore, improper.

Accordingly, the March 6, 1997 order of the Court of Common Pleas of Armstrong County is affirmed.

### ORDER

AND NOW, this 20th day of August, 1998, the order of the Court of Common Pleas of Armstrong County in the above-captioned matter is **AFFIRMED**.

---

**1.** Our review is limited to determining whether Common Pleas' findings of fact are supported by competent evidence, whether Common Pleas committed an error of law, or whether it abused its discretion. *Armstrong v. Department of Transportation, Bureau of Driver Licensing,* 695 A.2d 930, 932 n. 3 (Pa.Cmwlth.1997).