Ursula Lisbeth HOOK

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 14, 1998.

Decided Sept. 23, 1998.

382

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Craig P. Miller, Lock Haven, for appellee.

Before McGINLEY and PELLEGRINI, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

The Pennsylvania Department of Transportation (Department) appeals an order of the Clinton County Court of Common Pleas that sustained the appeal of Ursula Lisbeth Hook from a one-year suspension of her operating privilege.[1]

By notice dated July 2, 1997, the Department informed Hook:

Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the Department receiving notification from NEW YORK of your conviction on 10/08/1997 of an offense which occurred on 09/17/1997, which is equivalent

to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as mandated by Section 1532B of the Vehicle Code.

The effective date of suspension is 12/18/1997, 12:01 a.m.

Section 1581 of the Vehicle Code, 75 Pa. C.S. § 1581, to which the Department's notice referred, is the legislative enactment of the interstate Driver's License Compact (Compact) into which the Commonwealth entered with other jurisdictions on December 10, 1996. Article III of the Compact provides the following:

The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

Article IV of the Compact provides that "the licensing authority in the home state [i.e., the Department here in Pennsylvania] ... shall give effect to the conduct reported ... as it would if such conduct had occurred in the home state" in cases of convictions for driving a motor vehicle under the influence of intoxicating liquor.

On receipt of the notice of her suspension, Hook timely challenged it in common pleas court. The court sustained her appeal. On appeal from the common pleas court's decision, the Department raises two questions for this Court's disposition.

First, the Department argues that the failure of New York to include all of the information set forth in Article III of the Com-

**1.** Our scope of review is limited to determining whether findings of fact are supported by substantial, competent evidence and whether the trial court committed an error of law or abuse of its discretion. *Department of Transportation, Bureau of Driver Licensing v. Scott,* 546 Pa. 241, 684 A.2d 539 (1996).

pact in its conviction report does not prevent the Department from complying with its mandatory duty under Article IV of the Compact to suspend Hook's operating privilege.

The common pleas court sustained Hook's appeal because the report from New York did not conform to the requirements of Article III. Although the report identified Hook and the court in which she was convicted, it did not specify the section of the statute, code, or ordinance violated, and it did not identify what plea was entered or if the conviction resulted from the forfeiture of security.

The Department argues that it did not matter that at the time it suspended Hook's operating privilege, it did not have the information required by Article III, because the word shall in that article is merely directory. According to the Department, the common pleas court erred when it reasoned that the presence of the word "shall" in Article II meant that the report of the New York conviction must have contained the information specified in Article III.

We agree with the common pleas court that the word shall in Article III is mandatory. This Court and the Supreme Court have recently held that by definition the word shall is mandatory. *Oberneder v. Link Computer Corp.*, 548 Pa. 201, 696 A.2d 148 (1997); *Frank J. Mazurek v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing*, 717 A.2d. 23, (Pa.Cmwlth.1998). Thus, the report of conviction must contain (1) the identity of the person convicted; (2) a description of the violation including the section of the statute, code, or ordinance violated; (3) the identity of the court in which the person was convicted; and (4) an indication of the plea or whether the conviction resulted from a forfeiture of security. *Id.* In this case, the report did not contain the second and fourth requirements.

**2.** Because New York's report of conviction did not meet the requirements of Article III, this Court will affirm the common pleas court's decision on the basis of that failure alone, without addressing the Department's second argument

Accordingly, we will affirm the common pleas court's decision.[2]

### ORDER

AND NOW, this 23rd day of September, 1998, the order of the Clinton County Court of Common Pleas, dated February 13, 1998, at No. 1457–97 is hereby affirmed.

that Hook's New York conviction was for an offense under that state's Vehicle and Traffic Law "substantially similar" to 75 Pa.C.S. § 3731(a)(4).