**Richard J. McCANN**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 5, 1999.

Decided April 15, 1999.

4. See footnote 1.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

John F. McKenna, West Chester, for appellee.

Before FRIEDMAN, J., LEADBETTER, J., and LORD, Senior Judge.

LORD, Senior Judge.

The Pennsylvania Department of Transportation (Department) appeals an order of the Chester County Court of Common Pleas that sustained the appeal of Richard J. McCann from a one-year suspension of his operating privilege.[1]

By notice dated April 27, 1998, the Department informed McCann:

Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the Department receiving notification from DELAWARE of your conviction on 02/01/1998 of an offense which occurred on 01/19/1997, which is equivalent to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as mandated by Section 1532B of the Vehicle Code.

The effective date of suspension is 06/01/1998, 12:01 a.m.

Section 1581 of the Vehicle Code (Code), 75 Pa.C.S. § 1581, to which the Department's notice referred, is the legislative enactment of the interstate Driver's License Compact (Compact) into which the Commonwealth entered with other jurisdictions on December 10, 1996. Article III of the Compact provides the following:

The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

Article IV of the Compact provides that "the licensing authority in the home state [i.e., the Department here in Pennsylvania]...shall give effect to the conduct reported...as it would if such conduct had occurred in the home state" in cases of con-

---

1. Our scope of review is limited to determining whether findings of fact are supported by substantial, competent evidence and whether the trial court committed an error of law or abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Scott*, 546 Pa. 241, 684 A.2d 539 (1996).

victions for driving a motor vehicle under the influence of intoxicating liquor.

On receipt of the notice of his suspension, McCann timely challenged it in common pleas court. The court sustained his appeal. The Dèpartment now appeals to this Court.

The Department raises two arguments before us. First, it contends the common pleas court erred in sustaining McCann's appeal on the ground that the Delaware report conviction did not contain all of the information required by Article III of the Compact. We disagree.

 In *Mazurek v. Department of Trans-. portation, Bureau of Driver Licensing*, 717 A.2d 23 (Pa.Cmwlth.1998), this Court held that the report of conviction must contain (1) the identity of the person convicted; (2) a description of the violation including the section of the statute, code, or ordinance violated; (3) the identity of the court in which the person was convicted; and (4) an indication of the plea or whether the conviction resulted from a forfeiture of security. *Id.* In this case, the report, which states that McCann was convicted of 21 Del. C. § 4177(a), did not satisfy the second requirement, since it did not list the particular subsection of 21 Del. C. § 4177(a) for which McCann was convicted. It is necessary that the precise subsection of the violated statute be included in the report of conviction, not only to comport with *Mazurek*, but also since this Court must determine if the Department is giving proper effect "to the conduct reported...as it would if such conduct had occurred in the home state," in accordance with Article IV of the Compact. The Delaware statutory provision cited, Section 4177(a), is subdivided into four sections, each describing a different course of conduct sanctioned. Hence, in the instant case, it would not be possible to make such a deter-

mination, since the precise section of the Delaware violation has not been reported.[2]

 Next, the Department argues that Act 1998–151, amending Section 1584 of the Code to excuse the reporting requirements enunciated in *Mazurek*, should be applied retroactively to this case.[3] Act 1998–151 was enacted subsequent to McCann's Delaware conviction. The question of retroactive application of legislation is governed by the following concept. "No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S. § 1926; *See also DeMatteis v. DeMatteis*, 582 A.2d 666, 399 Pa.Super. 421 (1990); *R & P Services, Inc. v. Department of Revenue*, 116 Pa.Cmwlth. 230, 541 A.2d 432 (1988). Because no such retroactive intent is apparent in the language of Act 1998–151, we conclude that its provisions were only meant to be applied prospectively. This is not a case of a court's subsequent interpretation of the applicable law. Rather, the Department asks us to approve the application of an after-enacted statute where no such authority has been expressed by the General Assembly. Accordingly, we must dismiss this argument as without merit.

The order of the Common Pleas Court is affirmed.

### ORDER

AND NOW, this 15th day of April, 1999, the order of the Chester County Court of Common Pleas, dated September 25, 1998, at No. 98–03730 is hereby affirmed.

---

**2.** We reject the Department's argument that the "description of the offense, coupled with the *statutory reference, provides sufficient informa-*tion for both the Bureau and a reviewing court to determine whether the" offense reported is of a "substantially similar nature."

**3.** Section 1584 of the Code, as amended by Act 1998–151, now reads as follows:
The Department of Transportation of the Commonwealth shall furnish to the appropriate

authorities of any other party state any information or documents reasonably necessary to facilitate the administration of Articles III, IV, and V of the compact. *The omission from any report received by the department from a party state of any information required by Article III of the compact shall not excuse or prevent the department from complying with its duties under Article IV and V of the compact.*
(Emphasis added).