**Benjamin K. ROUSE**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 1, 1999.

Decided June 22, 1999.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Christin E. Horsley, Warren, for appellee.

Before FRIEDMAN, J., LEADBETTER, J., and LORD, Senior Judge.

LORD, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals an order of the Court of Common Pleas of the 37th Judicial District, Warren County Branch, sustaining the statutory appeal of Benjamin Rouse from the one-year suspension of his motor vehicle operating privileges.

Rouse, a Pennsylvania licensee, was convicted in Sullivan County, New York on March 11, 1998 of driving while intoxicated, in violation of the New York Vehicle Law, N.Y. Vehicle & Traffic Law § 1192(3). Purporting to act pursuant to its authority under Section 1581 of the Vehicle Code, 75 Pa.C.S. § 1581, the Department notified Rouse on May 22, 1998 that his driver's license would be suspended for one year as a result of his New

York conviction. On June 22, 1998, Rouse filed an appeal in Common Pleas Court from the Department's notice pursuant to Section 1550(a) of the Vehicle Code, 75 Pa.C.S. § 1550(a).

The Court held a *de novo* hearing, at which time the Department introduced into evidence documents certified under seal of the Secretary of Transportation, including a copy of the electronic transmission received from the State of New York reporting Rouse's conviction. All of the Department's documentary evidence was admitted without objection.

Rouse did not testify at the hearing, but argued that the Department had no authority to suspend his license for an out-of-state conviction because the offense of which he was convicted was not "substantially similar" to any offense that would mandate license suspension had it occurred in Pennsylvania. Section 1581 of the Vehicle Code, 75 Pa.C.S. § 1581, the statutory embodiment of the interstate Driver's License Compact of 1961 (Compact), to which both Pennsylvania and New York are parties, obligates the licensing authorities in home states to give the same effect to out-of-state conduct when out-of-state conviction reports denominate certain offenses or other "offenses or violations of a substantially similar nature" to those in the home state that would result in license suspension.

Article IV of the Compact [Effect of Conviction], partially sets forth:

(a) *The licensing authority in the home state,* for the purposes of suspension revocation or limitation of the license to operate a motor vehicle, *shall give the same effect to the conduct* reported, pursuant to Article III of this Compact, *as it would if such conduct had occurred in the home state* in the case of convictions for:

. . .

(2) *driving a motor vehicle while under the influence of intoxicating liquor*

or a narcotic drug or under the influence of any other drug *to a degree which renders the driver incapable of safely driving* a motor vehicle. . . .

(c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a *substantially similar nature* and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.

(emphasis added).

The Department, on the other hand, argued to the court that the offense enumerated in New York Vehicle & Traffic Law § 1192(3), "driving while intoxicated," was substantially similar to that described in Section (a)(2) of Article IV of the Compact and to Section 3731(a) of the Vehicle Code, 75 Pa.C.S. § 3731(a), which proscribes "driv[ing], operat[ing] or be[ing] in actual physical control of the movement of a vehicle . . . [w]hile under the influence of alcohol to a degree which renders the person incapable of safe driving." Both parties agreed that the substantial similarity question was one of first impression.

On November 24, 1998, the common pleas court issued an order sustaining Rouse's appeal, stating that the conviction report from New York did not contain the section of the statute violated, the plea that was entered, or the identity of the court in which Rouse was convicted, as required by Article III of the Compact. In sustaining Rouse's appeal, the court cited *Mazurek v. Department of Transportation, Bureau of Driver Licensing,* 717 A.2d 23 (Pa.Cmwlth.1998) and *Hook v. Department of Transportation, Bureau of Driver Licensing,* 718 A.2d 381 (Pa. Cmwlth.1998). The Department now seeks this court's review of that order.

Article III of the Compact provides that out-of-state reports

shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security.

The Department argues on appeal that the omission from Rouse's New York conviction of some of the information required by Article III does not prevent it from implementing its duty under the Compact to treat Rouse's conduct as if it had occurred in Pennsylvania and thus to suspend his operating privileges for one year. The Department acknowledges that Rouse's New York conviction report did not contain a citation to the New York statute violated or a statement as to whether his conviction resulted from a trial, guilty plea or forfeiture of bail.

The Department also acknowledges, as it must, that in both *Mazurek* and in *Hook*, this Court held that Article III's reporting requirements were mandatory, and the department was without authority to suspend a license's operating privileges in the absence of the information required. However, it argues that Act 1998–151, a recent amendment to Section 1584 of the Vehicle Code, to excuse the reporting requirements as we enunciated them in *Mazurek* and *Hook*, evidences the General Assembly's intention to repudiate the Court's construction of those requirements as mandatory. Section 1584 of the Vehicle Code, 75 Pa.C.S. § 1584, now provides:

§ 1584. **Furnishing of Information to Other States.**

The Department of Transportation of the Commonwealth shall furnish to the appropriate authorities of any other party state any information or documents reasonably necessary to facilitate the administration of Articles III, IV and V of the Compact. *The omission from any report received by the Department from a party state of any information required by Article III of the Compact shall not excuse or prevent the Department from complying with its duties under Articles IV and V of the Compact.*

The Department submits that, where the General Assembly repudiates a judicial interpretation of the statute, the new "legislative interpretation...relates back to the effective date of the statute under consideration—here, the Driver's License Compact." (Appellant's brief, p. 16) The Department contends, therefore, that the amendment to 75 Pa.C.S. § 1584, effective December 21, 1998, should be applicable to cases currently before us, since it is the General Assembly's interpretation of the Driver's License Compact, which became effective December 10, 1996.

█ This argument was recently met in *McCann v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing*, 728 A.2d 1009 (Pa.Cmwlth.1999), where we held that, because there was no express or apparent retroactive intent in the language of the December 21, 1998 act amending 75 Pa. C.S. § 1584, its provisions could be applied only prospectively. Rouse was convicted in March 1998; the Department issued its suspension notice May 22, 1998, after receiving a New York report of conviction. Each of these events occurred well before the effective date of the statute amending Article III's reporting requirements. As we said in *McCann*, "this is not a case of a court's subsequent interpretation of the applicable law," but a suggestion by the Department that we "approve the application of an after-enacted statute [to the Department's prior actions] where no such authority has been expressed by the General Assembly." *Id.* 728 A.2d at 1011.

The Department also argues that the offense of "driving while intoxicated," as defined in New York's statutes, is substantially similar to Pennsylvania's offense of "driving under the influence of alcohol or controlled substance," as defined in 75 Pa.

C.S. § 3731(a)(1). Rouse challenged his license suspension in common pleas court on the ground that those offenses were not substantially similar. The common pleas court did not rule on Rouse's challenge as a result of its finding that the Compact's reporting requirements were not met. However, both Rouse and the Department have briefed the issue here.

New York's statute is divided into three parts, defining various offenses. N.Y. Veh. & Traf. Law §§ 1192(1)–(3), provides:

### § 1192. Operating a motor vehicle while under the influence of alcohol or drugs.

1. *Driving while ability impaired.* No person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol.

2. *Driving while intoxicated; per se.* No person shall operate a motor vehicle while such person has .10 of one per cent or more by weight of alcohol in the person's blood as shown by chemical analysis of such person's blood, breath, urine or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this article.

3. *Driving while intoxicated.* No person shall operate a motor vehicle while in an intoxicated condition.

Rouse was convicted of the third enumerated offense, N.Y. Veh. & Traf. Law § 1192(3), driving while intoxicated. In *Olmstead v. Department of Transportation, Bureau of Driver Licensing,* 677 A.2d 1285 (Pa.Cmwlth.1996), this Court held that the offense denominated in N.Y. Veh. & Traf. Law § 1192(*1* ), driving while ability impaired (DWAI), and Pennsylvania's DUI statute did not proscribe offenses of a substantially similar nature, because New York's DWAI statute, punishing driving while impaired *to any degree,* has no equivalent in our Commonwealth's laws. Our Supreme Court affirmed our order in that case, on the basis of its decision in

*Sullivan v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing,* 550 Pa. 639, 708 A.2d 481(1998), expressly declining to address the issue of substantial similarity. *Olmstead v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing,* 550 Pa. 578, 707 A.2d 1144 (1998).

■ No appellate court of this Commonwealth has decided the issue of whether N.Y. Veh. & Traf. Law § 1192(3) enumerates an offense substantially similar to Pennsylvania's DUI statute. We have held, though, that the language of *New Hampshire's* DUI statute,[1] making it an offense to drive "while such person is under the influence of intoxicating liquor . . ." creates an offense substantially similar to that enumerated in Section 3731(a) of our Vehicle Code, 75 Pa.C.S. § 3731(a), forbidding driving "while under the influence of alcohol to a degree which renders the person incapable of safe driving." *Fisher v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing,* 709 A.2d 1008 (Pa.Cmwlth. 1998). The language of New York statutory provision implicated here—making it an offense to drive "while in an intoxicated condition"—is not materially different than the language employed in the New Hampshire statute we found to be substantially similar to Section 3731(a). Moreover, we find no merit in Rouse's argument that, because the punishment for the offense in New York differs from that Pennsylvania imposes, the two statutes cannot denominate *conduct* of a substantially similar nature. We therefore conclude that N.Y. Veh. & Traf. Law § 1192(3) creates an offense of a substantially similar nature to Section 3731(a) of our Vehicle Code.

Nonetheless, because the reporting requirements of Article III of the Compact, as enacted at the time, were not complied with when Rouse's conviction was report-

1. N.H.Rev.Stat. § 265:82(I)(a).

ed, we are compelled to uphold the common pleas court's decision.

## ORDER

AND NOW, this 22 nd day of June, 1999, the Order of the Court of Common Pleas of the 37 th Judicial District, Warren County Branch, No. 346 of 1998, Civil Division, is affirmed.