# PennDOT v. Harton

C.P. of Mercer County, no. 1998-3053.

*Chester J. Karas Jr.,* for plaintiff.
*Jack W. Cline,* for defendant.

FORNELLI, *P.J.,* September 24, 2001—The matter for disposition is an appeal of the decision of the Department of Transportation, Bureau of Driver Licensing, to suspend the motor vehicle operating privileges, pursuant to the Driver's License Compact, of Edward T. Harton for a period of one year based on an alleged driving under the influence conviction from another state. The issue for appeal is whether the department may suspend operating privileges under 75 Pa.C.S. §1532(b)(3) and 75 Pa.C.S. §1581 where the Commonwealth does not present a certification from the licensing authority of North Carolina; the documents certified by the department are insufficient; but the conviction is properly proven at the appeal hearing before this court by the defendant's admission and not by a certified record of

driver's conviction that is reported to the department under article III of section 1581.

By notice dated June 29, 1998, the department informed Harton:

"Section 1581 of the Vehicle Code requires the department to treat certain out-of-state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the department receiving notification from North Carolina of your conviction on March 27, 1998, which is equivalent to a violation of section 3731 of the Pa. Vehicle Code, Driving Under Influence, your driving privilege is being Suspended for a period of one Year(s), as mandated by section 1532B of the Vehicle Code.[1] The effective date of suspension is August 3, 1998, 12:01 a.m."

Section 1581 of the Vehicle Code, 75 Pa.C.S. §1581, is the interstate legislative agreement known as the Driver's License Compact. Article III of the compact provides the following:

"The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was en-

---

1. *75 Pa.C.S. §1532(b)(3):* "The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under the influence of alcohol or controlled substance) . . . , or substantially similar offenses reported to the department under article III of section 1581 (relating to Driver's License Compact). . . ."

tered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith." 75 Pa.C.S. §1581.

Article IV of the compact provides that "the licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to article III of this compact, as if such conduct had occurred in the home state in the case of convictions for driving a motor vehicle under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle." 75 Pa.C.S. §1581.

Harton made a timely appeal to this court for review of the suspension order of the department. By order dated July 22, 1998, a hearing de novo was granted to determine whether the action of the department in suspending the motor vehicle operating privileges of the petitioner should be set aside.[2] At the hearing, the department introduced into evidence documents that contained no certification from the licensing authority of North Carolina. Furthermore, the certification of the Pennsylvania Bureau of Motor Vehicles, Department of Transportation, was a certification to a citation, which citation is not part of that exhibit. A form which did not reflect the form or nature of the determination of guilt or the disposition

---

2. The case was then continued generally pending the outcome of two cases before the Pennsylvania Supreme Court: *Mazurek v. PennDOT,* 717 A.2d 23 (Pa. Commw. 1998); *Hook v. PennDOT,* 718 A.2d 381 (Pa. Commw. 1998). A subsequent hearing on this matter was held before the court on June 1, 2001.

thereof was part of the exhibit and was uncertified to by either the Bureau of Motor Vehicles or the licensing authority of North Carolina.

This court, at the hearing, indicated that the department's documents offered to establish Harton's North Carolina conviction were insufficient because they were uncertified by the licensing authority of North Carolina and did not reflect the disposition of Harton's driving while impaired violation. The department, with leave of court, then supplemented the record by calling Harton on cross-examination. Harton testified he was in fact convicted of a violation of a North Carolina statute on May 11, 1998 by reason of a plea of guilty to driving while impaired.

Harton argues the suspension of his operating privileges is improper in that the documentation of the alleged conviction relied upon by the department is deficient because the North Carolina documentation is not from the Bureau of Motor Vehicles or the licensing authority of North Carolina. Harton contends that the language of 75 Pa.C.S. §1581, article III, is mandatory and requires that the *"licensing authority* of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee," citing *Tripson v. PennDOT,* 773 A.2d 195, 197 (Pa. Commw. 2001). (emphasis in original)

The department argues that article III does not impose an obligation on the department when it is the *home state,* and does not prohibit the department, as the licensing authority in the home state, from relying on the information contained in the report even if the report lacks certain information specified in article III, citing *PennDOT*

*v. McCafferty,* 563 Pa. 146, 758 A.2d 1155 (2000). The department contends that the North Carolina report, taken together with Harton's own testimony, sufficiently establishes that Harton was in fact convicted of a violation of driving while impaired in North Carolina.[3] The department based its action in this matter upon a report it received from the State of North Carolina. The North Carolina report is an abstract produced by the District Court Division of Halifax County for citation 8416607. The document indicates that Harton was charged with an offense of "Driving While Impaired"[4] and indicates that Harton committed the violation on March 27, 1998. The department contends that the record contains information that indicates Harton entered a plea of guilty to the charge and a verdict of guilty was entered against him. The document contains the date "051198" on two places, which the department contends indicates that Harton was convicted of the offense on May 11, 1998. Consequently, it is the department's suggestion that the focus should be on whether the department acted in accordance with applicable law in imposing the suspension, and not on whether Harton was in fact convicted of the alleged offense in North Carolina.

In *Tripson,* the court held that "[d]espite arguments to the contrary, reports of convictions submitted to the department pursuant to the compact must be received from the proper licensing authority of the [convicting] state. The department may not certify that the documents are

---

3. The court has stated that the two offenses appear to be substantially similar. Harton does not admit the same.

4. Driving While Impaired is a violation of North Carolina General Statute 20-137.8, and involves operating a vehicle while under the influence of an impairing substance.

reports of convictions from other jurisdictions' licensing authorities if the documents themselves contain no such certification from the reporting jurisdiction." *Tripson v. PennDOT,* 773 A.2d 195, 197 (Pa. Commw. 2001). The court pointed out that "In two recent opinions[5] the Pennsylvania Supreme Court has held that the requirements of article III of the compact are mandatory for a party state reporting a conviction within its jurisdiction, but they do not prohibit the home state's licensing authority from relying upon information contained in the report even if the report lacks certain information required under article III.

"The issue in the case sub judice is different, however, and is not whether the technical reporting requirements were met under article III or whether the documents . . . themselves may be relied upon as the basis for the reciprocal suspension. Tripson argue[d] that this is more than a mere technical requirement, and the court agree[d]. The compact requires that the documents upon which the department relies to impose a reciprocal suspension come from the proper licensing authority." *Tripson v. PennDOT,* 773 A.2d 195, 198 (Pa. Commw. 2001).

In *McCafferty,* the court held "the information that was not included in New Jersey's report would not have provided any additional information regarding the actual conduct underlying the conviction. The report provided by New Jersey merely failed to identify the court in which action was taken and to indicate appellee's plea and

---

5. *Tripson v. PennDOT,* 773 A.2d 195, 198 n.4 (Pa. Commw. 2001), citing *Harrington v. PennDOT,* 563 Pa. 565, 763 A.2d 386 (2000); *PennDOT v. McCafferty,* 563 Pa. 146, 748 A.2d 1155 (2000).

whether the conviction was the result of forfeiture of bail, bond or other security. . . . None of this information would have shed any light on the *conduct* underlying appellee's conviction; it is the conduct underlying the conviction that triggers PennDOT's duties under the compact." *PennDOT v. McCafferty,* 563 Pa. 146, 163, 758 A.2d 1155, 1164 (2000). (emphasis in original) The court also stated, "Article III is clearly mandatory for a party state reporting a conviction within its jurisdiction. Article III therefore imposes an obligation on PennDOT only when it is the state reporting the conduct, not when it is the home state. It does not prohibit PennDOT, as the licensing authority in the *home state,* from relying on the information contained in the report even if the report lacks certain information specified in article III." *PennDOT v. McCafferty,* 563 Pa. 146, 163, 758 A.2d 1155, 1164-65 (2000). (footnote omitted) (emphasis in original)

The decisions in the aforementioned cases confirm that article III encompasses two distinct requirements: that which pertains to the *origin* of out-of-state conviction reports, and that which pertains to the *content* of such reports. *Tripson* addressed the former, *McCafferty* the latter. Pursuant to these holdings, the appropriate origin of the conviction report is an indispensable statutory requirement, the content, however, is not. The only significant aspect in a license suspension under the compact is procedure. It is imperative that the trial court have a certified record of conviction from the licensing authority of North Carolina so that it may analyze the out-of-state conviction carefully to determine whether or not such offense is substantially similar to the Pennsylvania offense that triggers suspension of operating privileges.

The burden on the department to comply with the certification requirement of article III and section 1532 is minimal. In the case at hand, not only did the form submitted by the department fail to reflect the form and nature of the determination of guilt, or disposition thereof, it failed to reference a statute or code section violated, and failed to indicate whether the conviction was a result of the forfeiture of bail, bond or other security. But most significantly, the form submitted was not certified by the licensing authority of North Carolina. It was not even received from the licensing authority of North Carolina. Absent such, under the holding in *Tripson,* the department has no legal basis upon which to sustain the suspension of Harton's driving privileges in Pennsylvania.

It is the contention of the department that this appeal is distinguishable from *Tripson* because without the document that was ruled inadmissible by the *Tripson* court, the Department of Transportation was unable to meet its prima facie burden of establishing that the motorist was convicted of a DUI offense in another state. In the present appeal, the department established this through Harton's testimony on cross-examination. Furthermore, the department contends it should have no duty or burden to prove it actually received an out-of-state conviction report from the licensing authority of the convicting state. The focus, it argues, is upon the conduct of the motorist and whether that conduct would lead to a reciprocal license suspension in Pennsylvania. A careful review of the document creates the presumption that Harton was convicted of driving while intoxicated after entering a plea of guilty to the charge. Consequently, the department argues, a motorist cannot hide behind the cloak of a technicality

where he does not dispute that he was convicted of the prohibited conduct and where the department can reasonably establish that it received a report of conviction from the state in which the violation occurred.

This argument is unpersuasive. Although *McCafferty* held that the content requirements of article III may be disposed of, it does not mention nor hold that the reporting and certification requirement are similarly dispensable. The department asks this court to ignore the language of article III and section 1532 by permitting the department to base its case in chief on documentation that does not abide with statutory requirements. Had the department introduced a certified report of conviction from the licensing authority of North Carolina, the remaining defects in the content of the report may not have been fatal to the department's case under the *McCafferty* decision.[6] The content of the report is beyond the direct control of the department and much more difficult to ensure absolute compliance.[7] As such, the lack of relevant information should not prohibit the department, as the home or licensing state, from acting upon the remain-

---

6. The form submitted by the department failed to reflect the form and nature of the determination of guilt, or disposition thereof; failed to reference a statute or code section violated; and failed to indicate whether the conviction was a result of forfeiture of bail, bond or other security.

7. *75 Pa.C.S. §1584* which was amended subsequent to these proceedings now states in relevant part: "The Department of Transportation of the Commonwealth shall furnish to the appropriate authorities of any other party state any information or documents reasonably necessary to facilitate the administration of articles III, IV and V of the compact. The omission from any report received by the department from a party state of any information required by article III of the compact shall not excuse or prevent the department from complying with its duties under articles IV and V of the compact."

ing relevant information in the certified report of conviction. Nonetheless, a prerequisite to the commencement of reciprocal license suspension proceedings is the receipt of properly certified documentation from the proper out-of-state authority. Absent such, the department is without legal basis to proceed.

This certification requirement is not derived solely from article III. The language of section 1532 of the Vehicle Code requires certification, and the language of article III requires that the report originate from the licensing authority of the convicting state. Even if it was accepted that the article III requirement regarding certification was deemed to be dispensable under *McCafferty,* the language of section 1532 still requires a "certified record of conviction of section 3731 or a substantially similar offense reported to the department under article III of section 1581." [8]

The department has failed to comply with the statutory requirements of the Vehicle Code[9] and the Driver's License Compact[10] and has thus failed to sustain its burden of proof.

Hence, this order.

## ORDER

And now, September 24, 2001, it is hereby ordered that the appeal of Edward T. Harton is sustained and the suspension voided.

---

8. 75 Pa.C.S. §1532(b)(3).
9. 75 Pa.C.S. §1532.
10. 75 Pa.C.S. §1581.