Mark SIMEONE

v.

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 12, 2002.

Decided May 15, 2002.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Shawn M. Stevenson, Pittsburgh, for appellee.

BEFORE: LEADBETTER, Judge, and SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Allegheny County (trial court), sustaining the statutory appeal of Mark Simeone (Licensee) from the one-year suspension of his operating privilege imposed by DOT pursuant to Sections 1532(b)(3) and 1581 of the Vehicle Code (Code), 75 Pa.C.S. § 1532(b)(3), 1581.[1] We reverse.

On August 10, 2000, Licensee was convicted of violating South Dakota's DWI statute.[2] As both Pennsylvania and South Dakota are members of the Compact, authorities in South Dakota reported the conviction to authorities in Pennsylvania as required by Article III of the Compact.[3] By letter dated October 9, 2000, DOT notified Licensee that it was suspending his operating privilege for a period of one year, effective November 13, 2000. (R.R. at 7a). Licensee filed a statutory appeal with the trial court.

1. Section 1532(b)(3) of the Code provides that DOT "shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under the influence of alcohol or controlled substance)...." Article IV(a)(2) of Section 1581 of the Code is part of the Driver's License Compact of 1961 (the Compact), an agreement among several states to promote compliance with each party state's motor vehicle laws, and provides that "[t]he licensing authority in the home state. For the purposes of suspension, ... shall give the same effect to the conduct reported ... as it would if such conduct had occurred in the home state in the case of conviction for ... driving a motor vehicle while under the influence of intoxicating liquor or narcotic drug...."

2. South Dakota's DWI statute provides in part:

Driving or control of vehicle prohibited with alcohol in blood or while under influence of alcohol or drug
A person may not drive or be in actual physical control of any vehicle while:
(1) There is a 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood or bodily substance;
(2) Under the influence of an alcoholic beverage;
(3) Under the influence of marijuana or any controlled drug or substance to a degree which renders him incapable of safely driving; or
(4) Under the combined influence of an alcoholic beverage and marijuana or any controlled drug or substance to a degree which renders him incapable of safely driving.
S.D. Codified Laws § 32–23–1 (2001).

3. Article III of the Compact provides as follows:

The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute ... violated, identify the court in which the action was taken, indicate whether a plea of guilty or not guilty was entered ... and shall include any special findings made in connection therewith.
75 Pa.C.S. § 1581, Article III.

On April 19, 2001,[4] the trial court held a hearing *de novo*, at which DOT introduced into evidence, without objection, a packet of documents, duly certified and under seal, from the Secretary of Transportation. The packet included the following: 1) a certificate of conviction indicating that Licensee was convicted of the offense of "DWI1" on August 10, 2000; and 2) a notification from South Dakota's Department of Commerce and Regulation (DCR), the driver licensing authority in that state, revoking Licensee's South Dakota driving privilege for a period of thirty days for driving while intoxicated. (R.R. at 29a–30a).

After the documents were admitted into evidence, DOT attempted to characterize the abbreviations set forth in the documents. Licensee objected to DOT's characterization of the certificate of conviction, arguing that it did not state that Licensee was convicted of DUI. In response DOT emphasized that the document listed the offense as "DWI1." The trial court did not rule on Licensee's objection.

Additionally, DOT introduced into evidence pages from the "MVR Decoder Digest" (hereinafter, the Digest).[5] Licensee objected on the grounds of hearsay. DOT requested that the trial court take judicial notice of the Digest. Licensee argued that the pages from the Digest were "not part of the Pennsylvania Bulletin or anything that is proper." (R.R. at 19a). The trial court sustained Licensee's objection. Nevertheless, DOT asserted that the Digest was unnecessary since the abbreviation "DWI" was self-explanatory and clearly referred to the offense of driving while intoxicated. The trial court disagreed, indicating that it did not know the meaning of the term "DWI." Thereafter, the trial court sustained Licensee's appeal.

 On appeal to this Court,[6] DOT argues that the trial court erred in concluding that DOT failed to meet its burden of proving that Licensee was convicted of DWI in South Dakota. Specifically, DOT asserts that it satisfied its burden by introducing into evidence the certificate of conviction from South Dakota and the notification from DCR revoking Licensee's South Dakota operating privileges for a period of thirty days based on a conviction for DWI. We agree.[7]

As indicated above, Article III of the Compact provides that the licensing authority of a Compact party state "shall report each conviction of a person from another party state" to the appropriate licensing authority in that person's home state and that said report shall contain

---

4. The trial court held a hearing on March 8, 2001. However, before DOT presented its case-in-chief, Licensee requested a continuance. The trial court granted Licensee's request, thereby continuing the hearing until April 19, 2001.

5. The Digest, a sourcebook from The Public Record Research Library, provides translations of the codes and abbreviations of violations and licensing categories that appear on motor vehicle records in all states.

6. Our scope of review of a decision in a license suspension case is to determine if the trial court's findings are supported by compe-tent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Tarnopolski*, 533 Pa. 549, 626 A.2d 138 (1993).

7. We note that DOT further argues that the trial court erred by failing to take judicial notice of the Digest in order to determine that "DWI1" meant "driving while intoxicated." Since we conclude that DOT met its burden of proof by introducing the certificate of conviction and notification of driving privileges report, we believe it is unnecessary to address this argument.

certain identifying information.[8] Section 1584 of the Code addresses the furnishing of information to other Compact party states. Prior to its amendment in 1998, this Section only addressed the Commonwealth's and DOT's obligation to "furnish to the appropriate authorities of any other [Compact] party state any information or documents reasonably necessary to facilitate the administration of Articles III, IV and V of the compact." However, a second sentence was added by the amendment, providing that "[t]he omission from any report received by [DOT] from a [Compact] party state of any information required by Article III of the compact shall not excuse or prevent [DOT] from complying with its duties under Articles IV and V of the compact."[9]

Furthermore, in *Department of Transportation v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000), our Supreme Court considered, *inter alia*, what information is required in order for DOT to comply with Article III of the Compact. In this regard, the Court stated as follows:

> Finally, Article III is clearly mandatory for a party state reporting a conviction within its jurisdiction. Article III therefore imposes an obligation on PennDOT only when it is the state reporting the conduct, not when it is the home state. ....It does not prohibit PennDOT, as the licensing authority in the home state, from relying on the information contained in the report even if the report lacks certain information specified in Article III. ....[W]e fail to see how

the technical, immaterial defects in the report here rendered PennDOT's suspension of appellee's license erroneous. 563 Pa. at 163–164, 758 A.2d at 1164–65 (footnote omitted). In other words, the Court in *McCafferty* held that Article III of the Compact does not prohibit DOT from relying on information contained in an out-of-state report even if the report lacks certain information specified in Article III. *See also Renna v. Department of Transportation, Bureau of Driver Licensing*, 762 A.2d 785 (Pa.Cmwlth.2000). The Court in *McCafferty* explained that, where the missing information would not "shed any light on the conduct underlying [the] conviction," DOT is not precluded from performing its duties under the Compact. *McCafferty*, 563 Pa. at 163, 758 A.2d at 1164.

Here, DOT introduced into evidence a certificate of conviction from South Dakota which provided Licensee's name, address, date of birth, license number, the licensing state, as well as the date of arrest and date of disposition. The document listed the offense code as "DWI1." (R.R. at 29a). Additionally, DOT introduced into evidence a notice from South Dakota's DCR, which listed the exact same information concerning Licensee's name, address, license number and the licensing state. The notice specified that Licensee's South Dakota operating privilege was revoked for "DRIVING WHILE INTOXICATED; SDCL(32–23–1)(32–12–52.1)(32–12–56)," setting forth the applicable sections of South Dakota's statutes relating to DWI

---

**8.** Such identifying information includes the convicted person's name, the violation, the relevant statute, the court that heard the action and the ultimate determination of that court.

**9.** This amendment was necessitated by this Court's holdings in several cases mandating strict compliance with all of the reporting requirements of Article III of the Compact.

*See, e.g., Mazurek v. Department of Transportation, Bureau of Driver Licensing*, 717 A.2d 23 (Pa.Cmwlth.1998); *Hook v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 381 (Pa.Cmwlth.1998); *Staples v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 892 (Pa.Cmwlth.1998), *petition for allowance of appeal denied*, 558 Pa. 635, 737 A.2d 1228 (1999).

offenses. Moreover, the notification listed the effective date of revocation as August 10, 2000, the same as the date of Licensee's conviction. Finally, both documents were certified by an agent of South Dakota's DCR. (R.R. at 29a–30a).

 Having reviewed the evidence in its entirety, we conclude that DOT met its burden of proving that Licensee was convicted of driving while intoxicated. The certificate of conviction indicating Licensee's conviction of "DWI1" provided by South Dakota was accompanied by the notification from DCR regarding the revocation of Licensee's South Dakota operating privilege for "driving while intoxicated." We conclude that the certificate of conviction considered in conjunction with the notice from DCR is sufficient to establish that Licensee was convicted of driving while intoxicated, an offense similar to a violation of Pennsylvania's DUI law. Moreover, we hold that the receipt of the documents from South Dakota mandated DOT's suspension of Licensee's operating privilege.[10]

Accordingly, the order of the trial court is hereby reversed.

### ORDER

AND NOW, this 15th day of May, 2002, the order of the Court of Common Pleas of Allegheny County is hereby reversed. The one-year suspension of the operating privilege of Mark Simeone, imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, is reinstated.

---

**10.** Finally, we note that Licensee's argument regarding the proper authentication of the certificate of conviction and notification from DCR is waived since he failed to object to the admission of these documents on that basis before the trial court. *See* Pa. R.A.P. 302(a)(issues not raised in the lower court are waived and cannot be raised for the first time on appeal).