David Brian EMMETT

v.

COMMONWEALTH of Pennsylvania, DE-
PARTMENT OF TRANSPORTATION,
BUREAU OF DRIVER LICENSING,
Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 31, 1998.

Decided Sept. 30, 1998.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Jack W. Cline, Mercer, for appellee.

Before McGINLEY and PELLEGRINI, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

■ The Pennsylvania Department of Transportation (Department) appeals an order of the Mercer County Court of Common Pleas that sustained the appeal of David Brian Emmett from a one-year suspension of his operating privilege.[1]

By notice dated June 12, 1997, the Department informed Emmett:

Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the Department receiving notification from OHIO of your conviction on 02/13/1997 of an offense which occurred on 02/08/1997, which is equivalent to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as mandated by Section 1532B of the Vehicle Code. The effective date of suspension is 07/17/1997, 12:01 a.m.

1. Our scope of review is limited to determining whether findings of fact are supported by substantial, competent evidence and whether the trial court committed an error of law or abuse of its discretion. *Department of Transportation, Bureau of Driver Licensing v. Scott,* 546 Pa. 241, 684 A.2d 539 (1996).

Section 1581 of the Vehicle Code, 75 Pa. C.S. § 1581, to which the Department's notice referred, is the legislative enactment of the interstate Driver's License Compact (Compact) into which the Commonwealth entered with other jurisdictions on December 10, 1996. Article III of the Compact provides the following:

> The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

Article IV of the Compact provides that "the licensing authority in the home state [i.e., the Department here in Pennsylvania] . . . shall give effect to the conduct reported . . . as it would if such conduct had occurred in the home state" in cases of convictions for driving a motor vehicle under the influence of intoxicating liquor.

 The issue presented in this case is precisely the same issue that is raised in *Victor Carroll Staples v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 892 (Pa.Cmwlth.1998), which case we also decide today. In that case, as here, the Department argued that it was bound to suspend the licensee's operating privileges even though the out-of-state conviction report did not contain a citation to the statute or code violated. In *Staples*, we affirmed the order of the Mercer County Court of Common Pleas which sustained the statutory appeal of licensee from a one-year suspension of his operating privilege for his DUI conviction in Ohio. In doing so, we reaffirmed the rule of law enunciated in *Frank J. Mazurek v. Department of Transportation, Bureau of Driver Licensing*, 717 A.2d 23 (Pa.Cmwlth. 1998), which states the conclusion that a re-

port of conviction must contain (1) the identity of the person convicted; (2) a description of the violation including the section of the statute, code, or ordinance violated; (3) the identity of the court in which the person was convicted; and (4) an indication of the plea or whether the conviction resulted from a forfeiture of security.

Therefore, for the reasons given in the opinion of this Court in *Staples*, we affirm the common pleas court's decision in this case.

### ORDER

AND NOW, this 30th day of September, 1998, the order of the Mercer County Court of Common Pleas, dated December 23, 1997, at No. 1997–2497 is hereby affirmed.