**John Patrick SWEET, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 8, 1999.

Decided Feb. 12, 1999.

John J. Fioravanti, Jr., Doylestown, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before COLINS, President Judge, FLAHERTY, J., and NARICK, Senior Judge.

COLINS, President Judge.

John Patrick Sweet (Sweet) appeals from the March 5, 1998 order of the Court of Common Pleas of Bucks County (Common Pleas) that denied Sweet's appeal of the one-year suspension of his operating privilege.

Pursuant to the Driver's License Compact (Compact), 75 Pa.C.S. § 1581, and to 75 Pa. C.S. § 1532(b), the Department of Transportation notified Sweet that his operating privilege would be suspended effective July 15, 1997 because of his April 30, 1997 conviction in New Jersey for driving under the influence of alcohol. Sweet appealed to Common Pleas, which held a *de novo* hearing and on March 5, 1998 denied Sweet's appeal. Sweet raised six issues before Common Pleas. In its opinion, that court first found no due process, equal protection, or double jeopardy violations of either the Pennsylvania or United States Constitutions. It then determined that the one-year suspension of Sweet's operating privilege did not violate the purpose of

the Compact, 75 Pa.C.S. § 1581. The court found no merit in Sweet's argument that New Jersey had not complied with Article III of the Compact by not forwarding to Pennsylvania all of the required information or in his argument that the suspension violated Article IV of the Compact because if he had been convicted in Pennsylvania he would have been entitled to accelerated rehabilitative disposition. Finally, Common Pleas ruled that the New Jersey "DUI" statute is substantially similar to Pennsylvania's and that the Department of Transportation (Department) met its burden of proof.

■ Sweet appeals to this Court and raises the same issues that he raised before Common Pleas. "Our review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether it committed an error of law or abuse of discretion in reaching its decision." *Touring v. Department of Transportation, Bureau of Driver Licensing,* 712 A.2d 349, 350 n. 3 (Pa.Cmwlth.1998). We first address Sweet's third issue, because it is dispositive of his appeal.

Sweet argues that his appeal should be sustained because New Jersey failed to report all of the information required by Article III of the Compact. He asserts that New Jersey did not describe the violation that occurred or the plea that was entered and cites to *Mazurek v. Department of Transportation, Bureau of Driver Licensing,* 717 A.2d 23 (Pa.Cmwlth.1998), *inter alia,* to support his position. The Department "acknowledges that the New Jersey report ... does not include information as to Sweet's plea ... or whether his conviction of that offense was as a result of a trial, guilty plea or forfeiture of bail." (Department brief, p. 18.) However, the Department then counterargues that the General Assembly, on December 21, 1998, amended 75 Pa.C.S. § 1584 to provide that "[t]he omission from any report received by the department from a party state of any information required by Article III of the compact shall not excuse or prevent the department from complying with its duties under Articles IV and V of the compact." (Section 20 of Act 151 of 1998.) The amendment to 75 Pa.C.S. § 1584 was

made effective immediately. (Section 69 of Act 151 of 1998.) According to the Department, the change to 75 Pa.C.S. § 1584 did not alter the Compact; rather, the Department argues, the change construed the Compact consistently with the Compact itself and with a procedures manual published by the Compact administrator.

■ The legality of the Act 151 of 1998 change to 75 Pa.C.S. § 1584 is not before this Court, but the question of its applicability to this case, *regardless of its legality,* is. 1 Pa.C.S. § 1926 provides that "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S. § 1953 provides that when a statute is amended, "the new provisions shall be construed as effective only from the date when the amendment became effective." We have said that "[a]mendatory statutes, in particular, are to be construed as retroactive only where such a construction is so clear as to preclude all questions as to the intent of the General Assembly." *Keystone Coal Mining Corporation v. Workmen's Compensation Appeal Board (Wolfe),* 673 A.2d 418, 420 (Pa. Cmwlth.1996). The change to 75 Pa.C.S. § 1584 became effective on December 21, 1998, long after Sweet was convicted in New Jersey and long after New Jersey, pursuant to Article III of the Compact, sent the deficient report to the Department. In fact, Sweet's appeal was pending in this Court at the time the change to 75 Pa.C.S. § 1584 was enacted. The General Assembly could have made the change retroactive, and it did make some parts of Act 151 of 1998 retroactive, but it did not do so with regard to the change to 75 Pa.C.S. § 1584. Thus, when New Jersey reported Sweet's conviction to the Department, that state was required to report all of the information set forth in Article III. As it did not, the suspension of Sweet's operating privilege cannot stand.

Accordingly, the March 5, 1998 order of the Court of Common Pleas of Bucks County is reversed.

### ORDER

AND NOW, this 12th day of February, 1999, the order of the Court of Common

Pleas of Bucks County in the above-captioned matter is **REVERSED.**