Appeal of the County Commissioners Association of Pennsylvania.

Jefferson County, a Political Subdivision of the Commonwealth of Pennsylvania, and the County Commissioners Association of Pennsylvania

v.

The Court of Common Pleas of Jefferson County, Pennsylvania, The 54th Judicial District.

Appeal of the Jefferson County Commissioners.

Supreme Court of Pennsylvania.

Dec. 20, 2000.

Jeffrey Lundy, Lukehart & Lundy, Punxsutawney, for Jefferson County.

Anthony T. McBeth, Robert L. Knupp, Knupp & Kodak, P.C., Harrisburg, for County Com'rs Ass'n of Pa.

Maryellen Gallagher, Philadelphia, for CCP Jefferson County.

***ORDER***

PER CURIAM:

**AND NOW,** this 20th day of December, 2000, the order of the Commonwealth Court is affirmed.

Lawrence J. HARRINGTON, III, Appellee,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Supreme Court of Pennsylvania.

Submitted Dec. 3, 1999.
Decided Dec. 22, 2000.

Timothy Peter Wile, Harrisburg, for Com., Dept of Transp. Bureau of Driver Licensing.

John J. Kerrigan, Newtown, for Lawrence J. Harrington, II.

Before: FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

SAYLOR, Justice.

This direct appeal requires consideration of whether a 1998 amendment to Section 1584 of the Vehicle Code, implementing the existing scheme of reciprocal license suspension under the interstate Driver's License Compact in circumstances in which a reporting state has failed to fully satisfy the Compact's technical reporting requirements, impinges upon a licensee's entitlement to receive adequate notice pursuant to the due process clauses of the United States and Pennsylvania constitutions.

On August 9, 1998, Appellee, Lawrence J. Harrington, III ("Harrington") was arrested in New Jersey and charged with the offense of driving under the influence of liquor or drugs, N.J.S. 39:4-50(a). Harrington entered a plea of not guilty and was tried and convicted in the Stone Harbor Borough Municipal Court in Cape May County on January 27, 1999. Since New Jersey is a party to the Driver's License Compact of 1961, see N.J.S.

39:5D–1–14, which implements a scheme of reciprocal license suspensions based upon certain out-of-state convictions,[1] the New Jersey Division of Motor Vehicles reported Harrington's conviction to Appellant, Commonwealth of Pennsylvania Department of Transportation, Bureau of Driver Licensing (the "Bureau"), via electronic transmission. The report identified Harrington by name, Pennsylvania driver's license number, date of birth, sex and eye color; described the offense that Harrington committed in New Jersey as "operate under influence liq/drugs"; stated that the offense was a violation of Section 39:4-50(a) of the New Jersey Statutes; identified the dates of the offense and conviction; and specifically identified the court in which the conviction took place via a three-character alphanumeric code. The New Jersey report did not, however, fully meet the technical reporting requirements of the Compact, as it failed to describe Harrington's plea or whether the conviction resulted from a forfeiture of security.[2]

Nevertheless, pursuant to Article IV of the Compact, see supra note 1, the Bureau treated Harrington's conviction as if he had been convicted of driving under the influence in Pennsylvania pursuant to Section 3731(a) of the Vehicle Code, 75 Pa. C.S. § 3731(a), which implicates a mandatory one-year suspension of driving privileges. See 75 Pa.C.S. § 1532(b). Thus,

---

1. Article IV of the Drivers License Compact as enacted in Pennsylvania, see 75 Pa.C.S. § 1581 (Article IV), prescribes the effect of a licensees out-of-state conviction in the Commonwealth, requiring that the same effect be given to a conviction reported by a party state as the conviction would have been given had the licensee engaged in substantially similar conduct and been convicted of a substantially similar offense in Pennsylvania. The intermediate appellate courts have held that New Jerseys DUI statute meets the necessary prerequisite of substantial similarity for purposes of reciprocal license suspension, see, e.g., Kiebort v. Commonwealth, Dep't. of Transp., Bureau of Driver Licensing, 719 A.2d 1139, 1141 (Pa.Cmwlth.1998), appeal pending; Commonwealth v. Whisnant, 390 Pa.Super. 192, 195,

568 A.2d 259, 260–61 (1990), and, given the basis of the trial courts ruling, see infra, such issue is not presently before this Court.

2. Article III of the Compact requires a reporting state to provide a report of conviction containing: (1) the identity of the person convicted; (2) a description of the violation including the section of the statute, code or ordinance violated; (3) the identity of the court in which the person was convicted; (4) an indication of the plea or whether the conviction resulted from a forfeiture of security; and (5) any special findings made in connection with the conviction. See 75 Pa.C.S. § 1581 (Article III). See generally Kiebort, 719 A.2d at 1143.

the Bureau provided Harrington with written notice of the suspension, providing, *inter alia,* as follows:

> Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the Department receiving notification from NEW JERSEY of your conviction on 01/27/1999 of an offense which occurred on 08/09/1998, which is equivalent to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as mandated by Section 1532B of the Vehicle Code.
>
> The effective date of the suspension is 04/02/1999, 12:01 a.m.

Harrington filed a statutory appeal of this administrative action in the court of common pleas, *see* 75 Pa.C.S. § 1550(a), contending, *inter alia,* that the Bureau's notice of suspension was constitutionally deficient. On May 6, 1999, the common pleas court conducted a *de novo* hearing, at which the Bureau offered documents into evidence, including a certified copy of the New Jersey report of Harrington's conviction, which were admitted without objection. Harrington testified in his own defense, acknowledging his arrest, his entry of a plea of not guilty, and the ensuing conviction by the trial court. Harrington

also indicated that he did not forfeit any type of bail, bond or security. Nevertheless, citing to a line of decisions from the Commonwealth Court,[3] Harrington took the position that strict adherence to the Article III reporting requirements of the Compact is required. In response, the Bureau called the court's attention to Act 151 of 1998, P.L. 1126 No. 151 § 20 (effective Dec. 21, 1998), which amended Section 1584 of the Vehicle Code, entitled "Furnishing of Information to Other States,"[4] to provide as follows:

> The Department of Transportation of the Commonwealth shall furnish to the appropriate authorities of any other party state any information or documents, reasonably necessary to facilitate the administration of Articles III, IV and V of the compact. *The omission from any report received by the Department from a party state of any information required by Article III of the Compact shall not excuse or prevent the Department from complying with its duties under Article IV and V of the Compact.*

75 Pa.C.S. § 1584 (emphasis added).[5] The Bureau further argued that not only were the documents sufficient pursuant to the amendment, but also, Harrington's own testimony cured any discrepancy. At the conclusion of the hearing, however, the trial court entered an order sustaining the appeal and rescinding the suspension of Harrington's driving privileges.

**3.** In the following cases, the Commonwealth Court has held that the reporting requirements of the Compact are mandatory, and, accordingly, non-compliance on the part of a reporting state warrants rescission of an ensuing license suspension. *See Mazurek v. Commonwealth, Dep't. of Transp., Bureau of Driver Licensing,* 717 A.2d 23, 24–25 (Pa. Cmwlth.1998), *appeal pending; Rouse v. Commonwealth, Dep't. of Transp., Bureau of Driver Licensing,* 732 A.2d 35, 37 (Pa.Cmwlth.1999); *McCann v. Commonwealth, Dep't. of Transp., Bureau of Driver Licensing,* 728 A.2d 1009, 1010 (Pa.Cmwlth.1999); *Sweet v. Commonwealth, Dep't. of Transp., Bureau of Driver Licensing,* 724 A.2d 1004, 1004 (Pa.Cmwlth. 1999), *appeal pending; Kiebort,* 719 A.2d at 1143; *Emmett v. Commonwealth, Dep't. of*

*Transp., Bureau of Driver Licensing,* 718 A.2d 891, 891 (Pa.Cmwlth.1998), *appeal pending.*

**4.** Sections 1582 through 1586 of the Vehicle Code contain interpretive and administrative provisions related to implementation of the Compact in Pennsylvania. *See* 75 Pa.C.S. §§ 1582–1586.

**5.** Although Harringtons offense in New Jersey occurred prior to the effective date of this amendment, the amendment is nevertheless applicable, since his conviction occurred subsequent to the effective date. *See Schrankel v. Commonwealth, Dept. of Transp., Bureau of Driver Licensing,* 562 Pa. 337, 339–41, 755 A.2d 690, 691–92 (2000).

In its subsequent opinion, the common pleas court indicated that the report of conviction from New Jersey failed to comply with the Compact's reporting requirements, 75 Pa.C.S. § 1581 (Article III), by virtue of the failure to identify the convicting court,[6] and the absence of an indication as to whether Harrington had entered a plea of guilty or not guilty, or whether the conviction resulted from forfeiture of bail or security. *See Commonwealth, Dep't of Transp., Bureau of Driver Licensing v. Harrington,* 42 Pa. D. & C. 4th 153 (C.P. Chester 1999). The common pleas court then invoked the Commonwealth Court's decisional law concerning the mandatory nature of the Compact's reporting requirements. Although acknowledging that the General Assembly responded to such decisions in the 1998 amendment to Section 1584 by directing that reporting omissions should not excuse or prevent the Bureau from effectuating a license suspension pursuant to the Compact, the court nevertheless concluded that the amendment violated Article III of the Compact, as well as due process requirements under the United States and Pennsylvania constitutions. *See id.* In the latter regard, the common pleas court noted that the suspension of a license involves an important interest subject to due process protections, and that due process is founded upon fundamental fairness and requires that a defendant be provided with sufficient information to respond to governmental action. *See id.* The common pleas court reasoned that the amendments offended due process as follows:

> An examination of 75 Pa.C.S.A. § 1584 reveals a broad and sweeping provision which permits Pennsylvania to suspend a driver's license where "any information" is omitted from the report required by Article III of the Compact. Applying [Section] 1584 literally could result in Pennsylvania suspending the license of a driver where the report only contained the licensee's name or operator's license number. Such notice would be really no notice at all because it would lack fundamental facts sufficient to advise the licensee of who, what, where or when an alleged violation occurred. It would be the equivalent of a criminal information which read only "John Jones, you violated the law" or a civil complaint which read only "John Jones owes me money."

*Id.*

The Bureau lodged an appeal in the Commonwealth Court, which transferred the matter to this Court pursuant to Section 722(7) of the Judicial Code, vesting exclusive jurisdiction in this Court over any opinion issued by a common pleas court declaring an enactment of the General Assembly unconstitutional. *See* 42 Pa.C.S. § 722(7).

Presently, the Bureau maintains that, in deeming the amendment to Section 1584 unconstitutional, the common pleas court disregarded principles of statutory construction affording legislative enactments a presumption of constitutionality, 1 Pa.C.S. § 1922, and requiring courts to construe statutes in a constitutional manner, where possible, 1 Pa.C.S. § 1922(3), with doubts resolved in favor of the statute's validity. Rather, according to the Bureau, by hypothesizing a suspension based upon the transmission of a person's name only, the common pleas court perversely employed the worst possible con-

---

**6.** The common pleas courts finding in this regard is simply incorrect, since, as noted, the Stone Harbor Borough Municipal Court was specifically identified by alphanumeric code in the New Jersey report of Harrington's conviction. Neither the common pleas court nor Harrington has offered any explanation as to why such identification should be deemed insufficient for purposes of interstate reporting of convictions. Indeed, it would seem that such a uniform coding process would facilitate consistency, accuracy and completeness in the identification process as between governmental agencies on an interstate basis. *See generally* Driver License Compact—Administrative Procedures Manual—1990 § 3.1.4.2 (U.S. Dep't of Transp.) (advocating utilization of a uniform format for conviction reports to standardize and streamline the information exchanged between states).

struction of the amendments in order to support their invalidation. The Bureau acknowledges that Section 1584 should not be applied to support a license suspension upon the transmission by a reporting state of a driver's name only, but maintains that all that is required to avoid such an absurd result is a construction of Section 1584 that incorporates basic due process requirements; further, the Bureau assures that this is in fact the construction that it applies in the performance of its obligations. Here, since New Jersey's report of Harrington's conviction identified him specifically, as well as the substantially-similar, out-of-state offense of which he was convicted, the Bureau contends that the fulfillment of its duties under the Compact was consistent with due process requirements. Finally, the Bureau highlights the important remedial purposes of the Compact in terms of increasing highway safety, emphasizing that the Compact and related statutory provisions should be construed liberally in furtherance of such interests. *See* 1 Pa.C.S. § 1928(c); 75 Pa.C.S. § 1581. Harrington, on the other hand, contends that, in the absence of the information omitted from the New Jersey report of conviction, he was unable to adequately respond to the Bureau's allegations or to mount a meaningful defense to the suspension of his license. He offers the same hypothetical employed by the common pleas court, in which, pursuant to the amendment to Section 1584, a suspension is effected upon the conveyance by a reporting state of the name only of an alleged violator. Harrington also asserts that the Pennsylvania General Assembly lacked the authority to effectively alter the terms of an otherwise uniform interstate

compact by means of the amendment to Section 1584.

Preliminarily, we note that Harrington's arguments, and the common pleas court's opinion, conflate the statutory requirements concerning reporting pursuant to the Compact with notice requirements of the ensuing license suspension arising from due process precepts. As noted, the statutory reporting requirements which trigger the Bureau's duties in relation to an out-of-state conviction are set forth in Article III of the Compact. *See supra* note 2. While the Commonwealth Court had construed Article III's technical reporting requirements as mandatory, the reasoning of such decisions was grounded in principles of statutory construction, not constitutional due process. *See, e.g., Mazurek*, 717 A.2d at 25 (applying a plain meaning interpretation of Article III in construing the reporting requirements as mandatory); *see also supra* note 3.[7] Indeed, in some cases, the Commonwealth Court has found notices of suspension provided by the Bureau to a licensee adequate, although it directed the rescission of the suspension based upon the failure of the reporting state to comply with the Article III reporting requirements. *See, e.g., Kiebort*, 719 A.2d at 1143. Thus, neither this Court nor the Commonwealth Court has treated the Article III requirements as conterminous with the due process requirements for notice to a licensee subject to a civil, administrative suspension action. *See generally id.; McCafferty*, —— Pa. at ——, 758 A.2d at 1163.

Indeed, in contrast to the technical reporting requirements of the Compact, due process notice requirements are flexible and non-technical, such that no

---

7. In *Commonwealth, Dept. of Transp. v. McCafferty*, —— Pa. ——, 758 A.2d 1155 (2000), this Court addressed, *inter alia*, a licensees contention that the suspension of his license was invalid for failure of a reporting state to comply with the technical reporting requirements of the Compact in substantially the same manner as occurred in the present case, concluding that full compliance with Article III on the part of a reporting state was not necessary to the performance of a licensing states obligations concerning license suspension. *See id.* at ——, 758 A.2d at 1164–65. Thus, *McCafferty* effectively overruled the holding of the Commonwealth Court that full compliance with Article III is a mandatory prerequisite to license suspension. *See supra* note 3.

particular form of notice or procedure is necessary. *See Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 610, 94 S.Ct. 1895, 1901, 40 L.Ed.2d 406 (1974). Where a constitutionally protected property or liberty interest is at stake,[8] due process requires sufficient notice of the conduct that forms the basis for a deprivation so that the respondent may adequately prepare a defense. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (stating that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (citations omitted)); *see also McCafferty,* — Pa. at ——, 758 A.2d at 1163; *Commonwealth, Dep't of Transp. v. Sutton,* 541 Pa. 35, 41, 660 A.2d 46, 48 (1995). For example, in *McCafferty,* this Court discussed the requirements of due process in connection with a notice of license suspension pursuant to the Compact, finding pertinent notices sufficient although they did not particularly identify the out-of-state statutes that were the bases for the licensees' convictions, where the licensees did not dispute the fact of their convictions or contend that they lacked notice of such convictions or of the nature of the suspension proceedings. *See McCafferty,* — Pa. at ——, 758 A.2d at 1163. *McCafferty's* reasoning effectively rejects the common pleas court's holding, and Harrington's argument, that the reporting requirements of Article III of the Compact establish a minimum, threshold quantum of information necessary for inclusion in a notice of suspension to satisfy due process.

■ Applying a correct conception of due process notice principles to the present case, the notice provided to Harrington advised him that his license was being suspended for a period of one year; that the action was being taken as a result of Harrington's January 27, 1999, New Jersey conviction of an offense that occurred on August 9, 1998; that the Bureau was considering such conviction as the equivalent of a violation of Section 3731(a) of the Vehicle Code; and of the pertinent statutory authority upon which the Bureau was relying in taking this action, including the Compact and Section 1532(b) of the Vehicle Code. Such information was clearly sufficient to allow Harrington to prepare a defense to the administrative license suspension. *See McCafferty,* — Pa. at ——, 758 A.2d at 1163. *See generally Department of Transp., Bureau of Driver Licensing v. Tarnopolski,* 533 Pa. 549, 552, 626 A.2d 138, 140 (1993) (indicating that the appropriate questions for consideration by a statutory appeals court on review of an administrative suspension determination are limited to whether the driver was in fact convicted of the offense giving rise to the suspension, and whether the Bureau complied with applicable law). In addition to receiving such notice of suspension, Harrington participated fully in a *de novo* hearing, at which he confirmed the factual predicate for the suspension and supplied the information which he asserts he lacked, testifying that he had not pled guilty to the DUI offense, but was found guilty by a Stone Harbor, New Jersey trial court, and that he did not forfeit any bail, bond or other security. *Cf. Sutton,* 541 Pa. at 42, 660 A.2d at 49 (holding that a *de novo* statutory appeal proceeding cured a technical defect in a notice of suspension). Other than by overt generalization, Harrington fails to indicate why formal notice of details with which he already was intimately familiar was essential to his understanding and the preparation of his defense. *See McCafferty,* — Pa. at ——, 758 A.2d at 1163 (stating that "[t]he due process clause does not create a right to be

---

8. It is well settled that a drivers license may not be suspended or revoked without due process. *See Pennsylvania Game Comm'n v.* *Marich,* 542 Pa. 226, 233, 666 A.2d 253, 256 (1995).

deliberately obtuse as to the nature of a proceeding[;] [a]ppellees here knew exactly what was happening to them and why"). Thus, it is clear that the notice provided by the Bureau was adequate under constitutional due process standards. *See generally id.; Kiebort,* 719 A.2d at 1143.

■ Although couched in terms of notice to him, Harrington's arguments also implicate a separate due process concern regarding whether, pursuant to the amendment to Section 1584, suspensions may be effectuated by the Bureau based upon inadequate information, thus resulting in arbitrary and erroneous deprivations. In this regard, however, we agree with the Bureau that our task is not to speculate as to extreme potential interpretations of the statute, but rather, we are obliged to construe legislative enactments, where possible, in compliance with the federal and state constitutions, *see* 1 Pa.C.S. § 1922, and to give deference to valid administrative interpretations by agencies charged with enforcement responsibilities. *See generally Borough of Pottstown v. Pennsylvania Municipal Retirement Bd.,* 551 Pa. 605, 611, 712 A.2d 741, 744 (1998). Here, the Bureau indicates that it is its practice to require sufficient information from a reporting state to reasonably guard against arbitrary and erroneous suspensions, in particular, information specifically identifying the licensee and his offense, and nothing presented in the facts of this case or in Harrington's arguments provides a basis for presently questioning the Bureau's assurance in this regard.

■ Finally, Harrington contends that the General Assembly lacked the authority to promulgate the amendment to Section 1584, as it impermissibly varies the terms of an otherwise uniform interstate agreement. This issue, however, is not presented in terms of the amendment's constitutionality, nor was it a basis for the

common pleas court's determination of unconstitutionality; therefore, it was not a predicate for invocation of this Court's direct review pursuant to Section 722(7) of the Judicial Code. We also note that there are a substantial number of direct appeals pending before the Court in which both the Bureau and licensees seek to present litanies of questions that are not within the scope of the Court's essential mandate in a direct appeal from a common pleas court's invalidation of a legislative enactment. While certainly the entire record is placed before this Court in such a direct appeal, and the Court has sometimes elected to resolve an ancillary or previously undecided issue for special and important reasons, *see, e.g., Commonwealth v. Louden,* 536 Pa. 180, 189 n. 1, 638 A.2d 953, 957 n. 1 (1994), sound jurisprudential principles warrant selectivity in the determination of issues that are not within the scope of the Court's mandate. Such reasons include allowance for the development of the questions in the common pleas and intermediate appellate courts, which is particularly beneficial where, as here, the intermediate appellate court is possessed with special expertise in the particular substantive area of the law under review, and conservation of our own judicial resources. Accordingly, henceforth, to the extent that litigants seek review of ancillary and/or previously undecided issues in a direct appeal pursuant to Section 722(7), they are directed to develop reasons why such issues should be specially considered, along the lines of the guidelines stated in Pennsylvania Rule of Appellate Procedure 1114. In the absence of such reasons, the general practice of the Court will be to remand to the common pleas court, or, where appropriate, transfer to the appropriate intermediate appellate court, for consideration of ancillary or unresolved issues. *See generally Commonwealth v. Parker White Metal Co.,* 512 Pa. 74, 98, 515 A.2d 1358, 1370–71 (1986).[9]

9. This approach does not alter an appellant's obligations related to issue preservation and waiver—an appellant must raise any ancillary

issues in a direct appeal pursuant to Section 722(7) that were decided by the common pleas court and would otherwise be subject to

The order of the court of common pleas is reversed, and the matter is remanded for consideration of the remaining contentions raised in Harrington's statutory appeal.

CAPPY, J., files a concurring opinion.

CAPPY, Justice, concurring.

I join the instant opinion, notwithstanding my concurring and dissenting opinion in *Commonwealth, Dep't of Transp. v. McCafferty,* 758 A.2d 1155 (Pa.2000), in which the majority of this court determined that certain reporting requirements of Article III of the Driver's License Compact, 75 Pa.C.S. § 1581, need not be strictly complied with in order to meet the requisites of due process. I recognize that *McCafferty,* although ill-advised, is stare decisis and compels my joinder herein.

waiver in order to avoid forfeiting the ability to pursue such issues on further appeal. Nevertheless, absent special reasons, these issues are subject to remand or transfer, as appropriate.