**Jason Edmund TETI**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 26, 2000.

Decided Jan. 24, 2001.

Timothy P. Wile, Assistant Counsel In-Charge and Harold H. Cramer, Assistant Chief Counsel, Harrisburg, for appellant.

Paul J. Rubino, Paoli, for appellee.

Before DOYLE, President Judge, FRIEDMAN, Judge, MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Chester County (trial court) which sustained the appeal of Jason Edmund Teti (Licensee) from the one-year suspension of his operating privileges imposed by the Department pursuant to Sections 1532(b)(3) and 1581 of the Vehicle Code, *as amended,* 75 Pa.C.S. §§ 1532(b)(3) and 1581. We reverse.

By official notice dated August 30, 1999, the Department informed Licensee as follows:

> Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the Department receiving notification from NEW JERSEY of your conviction on 08/02/1999 of an offense which occurred on 07/10/1999, which is equivalent to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as mandated by Section 1532B of the Vehicle Code.[1]

Licensee appealed to the trial court. At a *de novo* hearing, the Department introduced into evidence a certified receipt of the electronically transmitted conviction report sent by the New Jersey Division of Motor Vehicles regarding Licensee's August 2, 1999 conviction. Licensee offered into evidence a copy of the order of the New Jersey court dated September 13, 1999, granting Licensee a "civil reservation" with respect to his August 2, 1999 guilty plea.[2]

■ On October 29, 1999, the trial court issued an order sustaining Licensee's appeal. The trial court noted that on virtually the same facts, another judge of the same court concluded that the notice of violation from New Jersey was constitutionally deficient because it did not fulfill all of the requirements of Article III of Compact.[3] The trial court concluded that it was constrained to follow the prior decision of the court. The trial court also concluded that the civil reservation contained in the New Jersey order must be honored in Pennsylvania. The Department now appeals to this Court.[4]

On appeal, the Department argues that (1) the New Jersey report of Licensee's conviction contained sufficient information so as to satisfy the requirements of due process, and (2) the civil reservation order granted to Licensee has no effect upon the

1. Section 1581 of the Vehicle Code, 75 Pa. C.S. § 1581, sets forth the Driver's License Compact of 1961. Section 1532(b)(3) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1532(b)(3), provides that the Department shall suspend a driver's operating privilege for one year upon receiving a certified record of that driver's conviction of violating Section 3731 of the Vehicle Code (driving under influence of alcohol or controlled substance).

2. Pursuant to New Jersey Rule of Court 7:6–2(a)(1), a trial court may accept a guilty plea with a civil reservation. Specifically, this Section provides that "upon the request of the Defendant, the court may, at the time of the acceptance of a guilty plea, order that the plea shall not be evidential in any civil proceeding."

3. In that case, *Department of Transportation, Bureau of Driver Licensing v. Harrington,* 42 Pa. D. & C. 4th 153 (1999), *rev'd,* 563 Pa. 565,

763 A.2d 386 (2000), the Court of Common Pleas of Chester County held that the notice from New Jersey did not identify the court that convicted the licensee, nor did it indicate whether the licensee pled guilty or not guilty or whether the conviction resulted from forfeiture of bail or security in compliance with the requirements of Article III and that the Department, therefore, could not properly impose a one-year license suspension.

4. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or abuse of discretion in reaching its decision. *Carlin v. Department of Transportation, Bureau of Driver Licensing,* 739 A.2d 656 (Pa.Cmwlth.1999).

Department's ability to suspend his operating privilege as a consequence of the resulting New Jersey driving under the influence conviction.

Article III of the Compact requires that the data transmitted by the sending state include: (1) the identity of the person convicted; (2) a description of the violation including the section of the statute, code or ordinance violated; (3) the identity of the court in which the person was convicted; and (4) an indication of the plea or of whether the conviction resulted from a forfeiture of security. *Mazurek v. Department of Transportation, Bureau of Driver Licensing*, 717 A.2d 23 (Pa.Cmwlth.1998).

In *Department of Transportation v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000), our Supreme Court considered, *inter alia*, what information is required in order for the Department to comply with Article III of the Compact. The Court stated:

> Article III is clearly mandatory for a party state reporting a conviction within its jurisdiction. Article III therefore imposes an obligation on PennDOT only when it is the state reporting the conduct, not when it is the home state.... It does not prohibit PennDOT, as the licensing authority in the home state, from relying on the information contained in the report even if the report lacks certain information specified in Article III.... [W]e fail to see how the technical, immaterial defects in the report here rendered PennDOT's suspension of appellee's license erroneous.

*Id.* at ——, 758 A.2d at 1165–66 (footnote omitted).

■ At the hearing before the trial court, the Department introduced into evidence a report, dated August 7, 1999, sent by the New Jersey Division of Motor Vehicles regarding Licensee's August 2, 1999 conviction. The report included the driver's name, license number, date of birth, summons number, violation date, statute number (39:004–050A), conviction date, and a description of the offense "operate under influence liq/drugs". Not specifically set forth in the report from the New Jersey Division of Motor Vehicles was the identity of the court in which the person was convicted and an indication of the plea or of whether the conviction resulted from a forfeiture of security.[5] Under *McCafferty*, these omissions do not render the suspension of Licensee's operating privileges erroneous.

■ The trial court also sustained Licensee's appeal on the basis of the civil reservation granted by the New Jersey court. In *Bourdeev v. Department of Transportation, Bureau of Driver Licensing*, 755 A.2d 59 (Pa.Cmwlth.2000), this Court held that the Commonwealth has a paramount interest in regulating the conduct of its drivers by deterring incidents of drunken driving and that civil reservations entered in New Jersey cannot be used to prevent suspension of driving privileges. Thus, the civil reservation granted to Licensee does not prevent the Department from imposing a suspension of his operating privilege based on his New Jersey conviction for driving under the influence.

Accordingly, the trial court's order is reversed and the one-year suspension of Licensee's operating privilege is reinstated.

FRIEDMAN, J., concurs in the result only.

### ORDER

AND NOW, this 24th day of January, 2001, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby reversed and, the one-year suspension of the operating

---

5. However, the copy of the order of the New Jersey court granting Licensee a civil reservation, introduced into evidence by Licensee, identifies the court as the Avalon Municipal Court and indicates that Licensee pled guilty to a violation of N.J.S.A. 39:4–50.

privilege of Jason Edmund Teti is reinstated.