J-S30034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DERRICK ANTHONY CLAY | |
| Appellant | No. 2966 EDA 2014 |

Appeal from the Judgment of Sentence September 22, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): CP-46-CR-0007615-2013

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                          **FILED MAY 06, 2016**

Derrick Anthony Clay ("Appellant") appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his bench trial convictions for criminal attempt to commit possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge,[1] criminal conspiracy to commit possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge,[2] criminal conspiracy to possess a controlled substance,[3] criminal

_____

[1] 18 Pa.C.S. § 901(a); 35 P.S. § 780-113(a)(12).

[2] 18 Pa.C.S. § 903(a)(1); 35 P.S. § 780-113(a)(12).

[3] 18 Pa.C.S. § 903(a)(1); 35 P.S. § 780-113(a)(16).

attempt to possess a controlled substance,[4] identity theft,[5] criminal conspiracy to commit identity theft,[6] criminal attempt to commit identity theft,[7] criminal conspiracy to commit insurance fraud/motor vehicle insurance rate determination,[8] criminal attempt to commit insurance fraud/motor vehicle insurance rate determination,[9] and false identification to law authorities.[10] We affirm.

The trial court accurately set forth the facts and procedural history of this case in its opinion; therefore, we have no reason to restate them. **See** Trial Court Pa.R.A.P. 1925(a) Opinion, filed October 7, 2015 ("Trial Court Opinion"), at 1-4.

Appellant raises the following issue and attendant sub-issues for our review:

_____

[4] 18 Pa.C.S. § 901(a); 35 P.S. § 780-113(a)(16).

[5] 18 Pa.C.S. § 4120(a).

[6] 18 Pa.C.S. § 903(a)(1); 18 Pa.S. § 4120(a).

[7] 18 Pa.C.S. § 901(a); 18 Pa.C.S. § 4120(a).

[8] 18 Pa.C.S. § 903(a)(1); 18 Pa.C.S. § 4117(a)(1). Our Supreme Court held 18 Pa.C.S. § 4117(b)(1) unconstitutional in **Commonwealth v. Stern**, 701 A.2d 568, 573 (Pa.1997) to the extent that it regulated conduct of attorneys engaged in the practice of law.

[9] 18 Pa.C.S. § 901(a); 18 Pa.C.S. § 4117(a)(1).

[10] 18 Pa.C.S. § 4914(a).

WHETHER THE LEARNED TRIAL COURT ABUSED ITS DISCRETION BY PERMITTING THE COMMONWEALTH TO INTRODUCE EVIDENCE OF ALLEGED PRIOR BAD ACTS PURSUANT TO PA.R.E. 404(B)(3) AND CONSIDERING SUCH ALLEGED PRIOR BAD ACTS WHEN RENDERING ITS VERDICT FINDING APPELLANT GUILTY OF THE CHARGES AGAINST HIM IN THAT:

A) THE COMMONWEALTH DID NOT SEEK TO INTRODUCE EVIDENCE OF APPELLANT'S ALLEGED PRIOR BAD ACTS UNTIL THE DAY OF TRIAL, WITHOUT PROPER NOTICE TO APPELLANT OR TO DEFENSE COUNSEL, IN VIOLATION OF THE REASONABLE NOTICE REQUIREMENTS SET FORTH IN THE RULE, AND NOT EXPRESSLY FINDING GOOD CAUSE TO DISPENSE WITH THE REASONABLE NOTICE REQUIREMENT;

B) THE COMMONWEALTH WAS PERMITTED TO PRESENT EVIDENCE FROM WITNESSES AND PRESENT EXHIBITS THAT HAD NOT BEEN PREVIOUSLY DISCLOSED TO THE APPELLANT OR TO DEFENSE COUNSEL IN VIOLATION OF PA.R.CRIM.[P.] 573(B)(1)(C)[;]

C) THE IMPROPER ADMISSION OF THE COMMONWEALTH'S EVIDENCE OF APPELLANT'S ALLEGED PRIOR BAD ACTS PREJUDICED [APPELLANT] AND THE TRIAL COURT SPECIFICALLY STATED IN ANNOUNCING ITS VERDICT THAT IT CONSIDERED SUCH EVIDENCE IN FORMULATING ITS VERDICT[;] AND

D) THE ADMISSION OF THE COMMONWEALTH'S ALLEGED PRIOR BAD ACTS EVIDENCE, IN VIOLATION OF THE REASONABLE NOTICE RULE OF PA.R.E. 404(B)(3) AND WITHOUT PROVIDING THE DEFENSE WITH THE WITNESSES AND EXHIBITS PRIOR TO TRIAL IN VIOLATION OF THE DISCOVERY RULE PA.R.CRIM.[P.] 573(B)(1)(C) CONSTITUTES A VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS AS GUARANTEED BY THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT[?]

Appellant's Brief at 7.

Appellant argues the trial court erred by allowing evidence that his co-defendant had previously attempted to submit forged prescriptions to obtain controlled substances. Appellant claims the prosecutor did not give him notice that he intended to introduce prior bad act evidence and concludes his due process rights were violated and he is entitled to a new trial. We disagree.

"The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion." *Commonwealth v. Woodard*, 129 A.3d 480, 494 (Pa.2015) (quoting *Commonwealth v. Reid*, 99 A.3d 470, 493 (Pa.2014)).

The Pennsylvania Rules of Evidence provide:

**(b) Crimes, Wrongs or Other Acts.**

*(1) Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

*(2) Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

*(3) Notice in a Criminal Case.* In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on

> good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404.

Although evidence of a defendant's prior acts is not admissible to show his bad character or propensity to commit bad acts, it is admissible where "there is a legitimate reason for the evidence, such as to establish: 1) motive; 2) intent; 3) absence of mistake or accident; 4) a common scheme or plan; and 5) identity." **Commonwealth v. Reid**, 811 A.2d 530, 550 (Pa.2002). Further, the evidence may also be admissible "to impeach the credibility of a testifying defendant". **Id.**

"In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact." **Commonwealth v. Sherwood**, 982 A.2d 483, 497 (Pa.2009) (quoting **Commonwealth v. Powell**, 956 A.2d 406, 419 (Pa.2008)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Garrett D. Page, we conclude Appellant's issue and sub-issues merit no relief. The trial court opinion thoroughly discusses and properly disposes of the questions presented. **See** Trial Court Opinion, at 4-10 (finding: evidence of co-defendant's previous attempts to submit forged prescriptions for controlled substances properly admitted to show existence of common scheme or plan; and Appellant's due process rights not violated where Appellant's and co-

defendant's cases were consolidated, evidence involved co-defendant's prior acts, not Appellant's criminal record, prosecutor provided notice of all evidence to co-defendant's attorney, Appellant's attorney declined to request copy of evidence that previously was given to co-defendant's attorney, and trial court expressly stated that it placed little or no weight on prior bad acts evidence).  Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2016

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

2015 OCT -7 AM 10: 13

COMMONWEALTH OF PENNSYLVANIA      :
                                  :        No. CP-46-CR-0007615-2013
                                  :
            v.                    :
                                  :        2966 EDA 2014
DERRICK ANTHONY CLAY              :


### OPINION

Page, J.                                              *October 6, 2015*

### FACTS AND PROCEDURAL HISTORY

On October 7, 2013, Appellant Derrick Anthony Clay ("Appellant") was arrested along with his son, Anthony Hakeem Clay, for submitting a forged prescription for a controlled substance to a pharmacy in a Walmart in West Norritown Township, Pennsylvania. The Commonwealth's motion to consolidate the resulting cases against the two parties was granted on June 6, 2014. Come June 12, 2014, however, Anthony Clay pleaded guilty, whereas Appellant exercised his right to a bench trial.

Immediately prior to commencement of the trial, the Commonwealth made an oral motion in limine to submit evidence that on July 13, 2013, Anthony Clay had attempted to submit two forged prescriptions to another pharmacy, one of which used the same doctor's name as was used in the instant offense. Appellant's objections were overruled and the motion was granted.

Appellant was subsequently found guilty by the undersigned of criminal attempt to commit possession of a controlled substance by misrepresentation, fraud, forgery, deception or



subterfuge,[1] criminal conspiracy to commit possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge,[2] criminal conspiracy to possess a controlled substance,[3] criminal attempt to possess a controlled substance,[4] identity theft,[5] criminal conspiracy to commit identity theft,[6] criminal attempt to commit identity theft,[7] criminal conspiracy to commit insurance fraud/motor vehicle insurance rate determination,[8] criminal attempt to commit insurance fraud/motor vehicle insurance rate determination,[9] and false identification to law enforcement authorities.[10] On September 22, 2014, based on an agreement between the Commonwealth and Appellant, this Court sentenced Appellant to incarceration for a period of time-served to twenty-three months, two years' of consecutive probation, twenty-four hours of Community Service, and to pay the costs of prosecution.

Appellant, who is represented by the Office of the Public Defender of Montgomery County, filed a timely Notice of Appeal to the Superior Court of Pennsylvania on October 14, 2014. On November 13, 2014, this Court entered an order requesting that Appellant file a concise statement of the errors complained of on appeal within twenty-one days (the due date being December 4, 2014) and stating that "Appellant is notified that issues shall be deemed waived if not properly included in the Statement timely filed and served pursuant to Pa. R.A.P. 1925(b)." No statement was filed by Appellant, and this Court entered an opinion on December 15, 2014, pronouncing that Appellant had waived all issues for purposes of appeal.

---

[1] 18 Pa. C.S.A. § 901(a) and 35 Pa. C.S.A. § 780-113(a)(12)
[2] 18 Pa. C.S.A. § 903(a)(1) and 35 Pa. C.S.A. § 780-113(a)(12)
[3] 18 Pa. C.S.A. § 903(a)(1) and 35 Pa. C.S.A. § 780-113(a)(16)
[4] 18 Pa. C.S.A. § 901(a) and 35 Pa. C.S.A. § 780-113(a)(16)
[5] 18 Pa. C.S.A. § 4120(a)
[6] 18 Pa. C.S.A. § 903(a)(1) and 18 Pa. C.S.A. § 4120(a)
[7] 18 Pa. C.S.A. § 901(a) and 18 Pa. C.S.A. § 4120(a)
[8] 18 Pa. C.S.A. § 903(a)(1) and 18 Pa. C.S.A. § 4117(a)(1)
[9] 18 Pa. C.S.A. § 901(a) and 18 Pa. C.S.A. § 4117(a)(1)
[10] 18 Pa. C.S.A. § 4914(a)

2

On January 27, 2015, Appellant's counsel filed a Motion for Limited Remand with the Superior Court of Pennsylvania, claiming that a staff reduction within the Office of the Public Defender was responsible for Appellant's failure to file a concise statement within the prescribed time period. In response, the Superior Court issued an order on February 25, 2015, allowing Appellant an additional twenty-one days to file a concise statement, and providing this Court thirty days from receipt of that statement to file a supplemental opinion.

That same day, February 25, 2015, Appellant's counsel filed a motion entitled "Concise Statement of Errors Complained of on Appeal." Rather than a list of appealable issues, however, the document advised that:

> Pursuant to Pa. R.A.P. 1925(c)(4) and the Superior Court's decision in *Commonwealth v. Goodwin*, 928 A.2d 287, 292-293 (Pa. Super. 2007), the undersigned after a conscientious review of the record, certifies that there are no non-frivolous issues upon which a direct appeal from the Judgement of Sentence can be based. Accordingly, counsel, on appeal, will be proceeding in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981).

The following day, February 26, 2015, Appellant's counsel filed an "Amended Concise Statement of Errors Complained of on Appeal," this time containing substantive issues for review.

The undersigned entered a supplemental opinion on March 24, 2015. However, the supplemental opinion was based on the concise statement filed on February 25, 2015, and did not contemplate the substantive issues expressed in the amended concise statement filed on February 26, 2015. Accordingly, the Superior Court filed an order on August 24, 2015, directing the undersigned to prepare a second supplemental opinion within thirty days. The instant supplemental opinion is filed in response.

3

## ISSUES

In his amended concise statement of errors complained of on appeal, Appellant complains of the following:

1.      The learned trial court abused its discretion by permitting the Commonwealth to introduce over Appellant's strenuous objection, alleged prior bad acts of Appellant Clay, pursuant to Pa. R.E. 404(b)(3) and considering such alleged prior bad acts when rendering its verdict finding Appellant guilty of the charges against him in that:

       a.      The Commonwealth did not seek to introduce evidence of Appellant's alleged prior bad acts until the day of trial, without any prior notice to Appellant or to defence counsel, in violation of the reasonable notice requirement set forth in Pa. R.E. 404(b)(3) and not expressly finding good cause to dispense with the reasonable notice requirement;

       b.      The Commonwealth was permitted to present evidence from witnesses and present exhibits that had not been previously disclosed to the Appellant or to defence counsel, in violation of Pa. R. Crim. P. 573(B)(1)(c);

       c.      The improper admission of the Commonwealth's evidence of Appellant's alleged prior bad acts prejudiced the Appellant in that the trial court specifically stated in announcing its verdict that it considered such evidence when formulating its verdict; and

       d.      The admission of the Commonwealth's alleged prior bad acts evidence, in violation of the reasonable notice rule of Pa. R.E. 404(b)(3) and without providing the defence with the witnesses and exhibits prior to trial, in violation of Pa. R. Crim. P. 573(B)(1)(c), constitutes a violation of Appellant's due process rights as guaranteed by the Due Process Clause and the Fourteenth Amendment.

## STANDARD OF REVIEW

Evidentiary decisions are within the trial court's discretion and will not be reversed absent a clear abuse of that discretion. *Commonwealth v. Edwards*, 903 A.2d 1139, 1156 (Pa. 2006) (citation omitted).

4

## ANALYSIS

Invoking the exception to the prohibition on the introduction into evidence of prior crimes, wrongs, or other acts outlined in Rule 404(b)(2), the Commonwealth introduced evidence[11] that Appellant's former codefendant, Anthony Clay, had previously attempted to submit two forged prescriptions for controlled substances. One of the forged prescriptions referenced the same doctor's name as the forged prescription in the instant trial. The Commonwealth intended to use this evidence to prove Anthony Clay's intent to commit the instant offense or of the existence of a common scheme or plan. As Appellant was charged as a conspirator to the instant crime, and could also have been found liable under accomplice theory, the evidence of Anthony Clay's prior bad act was relevant to Appellant's charges.

On appeal, Appellant does not contest the relevance of the evidence or maintain that the probative value of the evidence does not outweigh its potential for unfair prejudice, but asserts that the Commonwealth prejudiced Appellant and violated his right to due process by failing to adhere to the notice requirements of Rule 404(b)(3) of the Pennsylvania Rules of Evidence and Rule 573(B)(1)(c) of the Pennsylvania Rules of Criminal Procedure.

---

[11] An officer, a pharmacy technician, and two doctors (Drs. Dissin and Kramer) testified, and two physical prescriptions were entered as exhibits C-1 and C-2. The officer testified that he had recovered C-2, which lists Dr. Kramer, from the person of Anthony Clay at the pharmacy. Dr. Kramer testified that he was never Anthony Clay's physician. The pharmacy technician verified that C-1, which listed a Dr. Dissin as the prescribing physician, had been given to her by a black male who was not Appellant (presumably Anthony Clay, as the officer had testified that the other person apprehended at the pharmacy that day was a white female). There was no testimony that C-2 was ever presented to the pharmacy clerk.

## I.     Appellant had sufficient notice of the evidence under the rules.

### A.     Rule 404(b)(3)

Appellant claims that introduction of the evidence was a violation of the notice requirement of Rule 404(b)(3), which states that in a criminal case "the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial." Pa. R.E. 404(b)(3). The notice need not be in writing for the evidence to be admissible. *Commonwealth v. Lynch*, 57 A.3d 120, 126 (Pa. Super. Ct. 2012). Nor need the notice be formally given. *See id.* (finding that the facts listed in the affidavit and the testimony at the preliminary hearing put defendant on notice that the prior bad acts would be introduced at trial). The requirement is designed to prevent unfair surprise and give defendants time to prepare an objection or rebuttal. *Commonwealth v. Hicks*, 91 A. 3d 47, 53 (Pa. 2014).

In the instant case, this Court heard the motion immediately before trial commenced. A few weeks prior, the prosecutor had asked the defense attorneys "specifically if there were any clients, an[y] issues or anything." Tr. 16:9-12, June 12, 2014. The prosecutor was not informed until the day of trial that the attorneys had a conflict and that the codefendant would enter an open guilty plea. Until that moment, the Commonwealth had been anticipating that the evidence would come in under the case against Appellant's codefendant. The prosecutor provided due notice of evidence of the prior bad act to the codefendant's attorney.

Not only did the prosecutor provide notice to codefendant's attorney, the prosecutor believed that discovery was being shared with Appellant's attorney. He claims that when providing a disk of a video to Appellant's attorney prior to trial, the prosecutor asked Appellant's attorney if the codefendant's attorney needed a copy. Appellant's attorney responded in the

6

negative, and the prosecutor interpreted this remark to mean that the defense attorneys were looking at all of the evidence together. Appellant's attorney contested that his remark was regarding the video-disk alone and claimed that he had no knowledge of the prior bad act, nor that evidence of the act would be admitted at trial.

This Court found that Appellant had sufficient notice of the potential for the introduction of the evidence. Appellant was charged with conspiracy, and this charge was listed on the bill of information. As of the filing of the bills, Appellant knew that any act by a coconspirator in furtherance of the conspiracy was admissible against Appellant at trial. Appellant also agreed to consolidate the trials, and was therefore was on further notice that all evidence against Anthony Clay would be heard at his trial. Appellant did not object to consolidation on the grounds that evidence of Anthony Clay would be prejudicial against his client. Furthermore, the rule only requires that Appellant be informed of the general nature of the evidence, not what specific witnesses and documents would be admitted. Pa. R.E. 404(b)(3). Appellant, knowing and accepting that he was to be tried for conspiracy with a coconspirator, had ample time to prepare an objection or rebuttal to the evidence. *Hicks*, 91 A.3d at 53.

B.    Rule 573(B)(1)(c)

Appellant claims that introduction of the evidence was a violation of the notice requirement of Rule 573(B)(1)(c) of the Pennsylvania Rules of Criminal Procedure, which states that "on request by the defendant" the Commonwealth shall disclose to the defendant's attorney "the defendant's prior criminal record." Pa. R. Crim. P. 573(B)(1)(c). Appellant's argument fails because the cited portion of the rule refers only to the defendant's criminal record when it is specifically requested by a defendant. Here, the prior bad act was not part of Appellant's criminal record.

7

## II. Admission of the evidence did not prejudice Appellant.

Appellant claims that admission of the evidence in violation of the notice rules entitles him to a new trial. An erroneous ruling by a trial court on an evidentiary issue does not require an appellate court to grant relief where the error is harmless beyond a reasonable doubt. *Commonwealth v. Northrip*, 945 A.2d 198, 203 (Pa. Super. Ct. 2008). Harmless error exists where:

> (1) the error did not prejudice the defendant or the prejudice was *de minimis;* (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Commonwealth v. Fransen*, 42 A.3d 1100, 1113 (Pa. Super. Ct. 2012). A mistrial may only be granted where the error complained of "is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict." *Commonwealth v. Johnson*, 107 A.3d 52, 77 (Pa. 2014).

Here, the properly admitted and uncontradicted evidence of guilt was overwhelming. Appellant entered the pharmacy with the codefendant who handed the pharmacist the forged prescription. They were standing right next to each other at the pharmacy counter when the codefendant handed in the forged prescription. Tr. 67, 70-71. The prescription was unarguably forged.[12] When the police apprehended the codefendant, Appellant fled. When police apprehended Appellant, he provided them with fake identification. Both parties asserted that they

---

[12] This fact was uncontested at argument.

8

didn't know each other. Eventually, Appellant stated to police that he knew his son was going to submit a forged prescription and was there to drive him.[13] Tr. 72-73.

Moreover, the error did not prejudice Appellant or the prejudice was *de minimis*. The undersigned, in rendering the verdict, stated, "I did not put a lot of credence – I'll use the word 'weight' to the July 13 prior bad acts issue, even though there was a motion in limine that I granted, I didn't put a lot of weight to what was heard on that. What I did put weight in is what I heard today as to the 10-7 of 2013 incident. That is the germane issue." Tr. 104:22-105:4. The uncontradicted evidence of guilt in combination with the miniscule consideration that the prior bad act was given by the undersigned makes the introduction of that act harmless. *Fransen*, 42 A.3d at 1113.

## III. Introduction of the evidence did not violate Appellant's right to due process.

Appellant lastly claims that introduction of the evidence without proper notice violates Appellant's rights under the United States Constitution, which states that no person shall be deprived of life, liberty, or property without due process of law.[14] U.S. Const. amend. 5.[15] While not capable of an exact definition, the basic elements of procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case. *Commonwealth v. Wright*, 961 A.2d 119, 132 (Pa. 2008). In contrast to notice required under statute, due process notice requirements are flexible and non-technical and require no particular form or procedure. *Harrington v. Com., Dep't of*

---

[13] The officer testified that Derrick Clay said, "[O]kay, that's my son, Anthony. He called me, said he was going to pass a script and he needed a ride – or no, he needed somebody to ride with. . . . We came up here, we came in, and that's the way this whole thing unfolded." Tr. 72:21-73:3.

[14] Appellant makes no argument under the Pennsylvania Constitution, but it has been decided that the rights provided under Pa. Const. Art. 1, § 9 are coextensive with the due process protections of the United States Constitution. *Commonwealth v. Snyder*, 713 A.2d 596 (Pa. 1998).

[15] As made applicable to state proceedings by U.S. Const. amend. 14.

*Transp., Bureau of Driver Licensing*, 763 A.2d 386, 391 (Pa. 2000). Furthermore, there is no general constitutional right to discovery in a criminal case. *Commonwealth v. Sullivan*, 820 A.2d 795 (Pa. Super. Ct. 2003). Ultimately, for a governmental proceeding to be violative of the constitutional guarantee of due process, it must offend "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Wright*, 961 A.2d at 132 (citations omitted).

As discussed above, Appellant had adequate notice that he was being tried for conspiracy and would have to defend himself against any alleged acts by his coconspirator. Appellant agreed to the consolidated trial and had ample opportunity to request a copy of discovery that had been provided to codefendant and he did not do so. Had codefendant not pled guilty and the trial had proceeded as planned, Appellant's counsel would have been equally unprepared. There is no constitutional right to discovery, and Appellant had adequate opportunity at trial to cross-examine the Commonwealth's evidence and ensure its accuracy. Introducing the evidence at trial of a prior bad act committed by codefendant was not so egregious as to offend a fundamental principle of justice. *Wright*, 961 A.2d at 132.

## CONCLUSION

For all of the aforementioned reasons, this Court's decision should be **AFFIRMED**.

BY THE COURT:

GARRETT D. PAGE,      J.

Copies of the above Opinion
Mailed on October 6, 2015
**By Interoffice Mail to:**
Robert M. Falin, Esquire, ADA
Raymond Roberts, Esquire, Assistant Public Defender
**By First Class Mail to:**
Derrick Anthony Clay, Appellant

Judicial Secretary

10